IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES LEE STARKS, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:13-cv-1802-M-BN |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Lee Starks, a Texas prisoner, has filed an petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, Petitioner's habeas application should be denied.

**Background**

On November 9, 2012, Petitioner was found guilty of evading arrest, unlawful possession of a firearm by a felon, and possession of cocaine and was sentenced to concurrent terms of 15 years imprisonment for the evading arrest and firearm offenses and 25 years imprisonment for the cocaine offense. He did not file a direct appeal. Instead, Petitioner filed two applications for state post-conviction relief, challenging his firearms and cocaine convictions. Both applications were denied without written order. *See Ex parte Starks*, WR-79,337-01 & WR-79,337-02 (Tex. Crim. App. Apr. 24, 2013).

On May 9, 2013, Petitioner submitted this action for mailing to the federal district court. He appears to collaterally challenge all three convictions, contending that his firearms and drug convictions are not supported by DNA or fingerprint evidence, an arrest report contains conflicting information, the prosecutor withheld unspecified exculpatory evidence, he is actually innocent, he received ineffective assistance of counsel because his attorney failed to challenge unspecified judicial misconduct, and he was denied the right to self-representation. *See* Dkt. No. 3 at 6, 11.

## Legal Standards

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

"An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Respondent urges the Court to find Petitioner's challenge to his evading arrest conviction and five of Petitioner's grounds for relief unexhausted or otherwise procedurally defaulted and to dismiss the mixed petition as unexhausted. *See* Dkt. No. 17 at 5-13. Although Petitioner concedes that he has not exhausted state remedies as to his evading arrest conviction, *see* Dkt. No. 7 at Question 1, and the state record establishes that he did not raise many of these grounds for relief on direct appeal or in his state habeas petition, *see* Dkt. No. 14-1 at 7-19 & Dkt. No. 14-3 at 7-19, the undersigned will consider all claims on the merits notwithstanding this procedural bar. *See Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005).

## Analysis

<u>Lack of DNA or Fingerprint Evidence, Conflicting Testimony, & Actual Innocence</u>

Petitioner claims that he is actually innocent of unlawful possession of a firearm by a felon and unlawful possession of cocaine because his possession of those items was not established by DNA or fingerprint evidence; instead, the DNA found was allegedly that of another individual. *See* Dkt. No. 3 at 6 & 11. These grounds were raised in part by Petitioner's state habeas application. *See* Dkt. No. 14-1 at 12; Dkt. No. 14-3 at 12.

But these grounds for relief are wholly conclusory and unsupported by adequate briefing or evidentiary support. Vague, self-serving, and conclusory allegations are insufficient to merit habeas relief. *See United States v. Pineda,* 988 F.2d 22, 23 (5th Cir. 1993) (*pro se* litigants are still required to provide sufficient facts in support of their claims, and, even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"); *see also Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) (bald assertions in *pro se* habeas petition have no probative evidentiary value). Petitioner has not explained how the lack of DNA evidence establishes his innocence of firearms or cocaine possession and does not identify in any way the conflict in the police report and how it violated his constitutional rights.

The United States Supreme Court has not recognized actual innocence as an independent ground for federal habeas corpus relief. *See McQuiggin v. Perkins,* 133 S.Ct. 1924, 1931 (2013) (citing *Herrera v. Collins,* 506 U.S. 390, 404-05 (1993)). But it has recognized that legal insufficiency may be an avenue for federal habeas relief. *See*

*Jackson v. Virginia,* 443 U.S. 307, 320-21 (1979). A federal court may not disturb a state criminal conviction on this ground unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See id.* at 319; *see also Gibson v. Collins,* 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *See Jackson,* 443 U.S. at 319; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *See Schrader v. Whitley,* 904 F.2d 282, 287 (5th Cir. 1990).

Even construing Petitioner's claims as asserting legal insufficiency, Petitioner provides no evidence or argument – aside from his belief that the lack of inculpatory DNA evidence establishes his innocence – to suggest that the evidence was legally insufficient to support his conviction. DNA evidence is not a prerequisite to conviction for unlawful possession of a firearm by a felon or unlawful possession of a controlled substance in Texas. *See* TEX. PENAL CODE ANN. § 46.04(a); TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) *see also Earls v. State,* 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) (explaining that "[e]vidence as to the identity of the perpetrator of an offense can be proved by direct or circumstantial evidence"). He has therefore failed to prove that the state court's rejection of any legal insufficiency claim resulted in a decision that was contrary to, or involved an unreasonable application of, the Supreme Court's *Jackson* decision or any other clearly established federal law. Accordingly, these grounds for relief should be denied.

*Brady* Error, Ineffective Assistance of Counsel, and Denial of Self-Representation

Petitioner alleges, without any elaboration, that he was denied exculpatory

evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Dkt. No. 3 at 11. He also contends that his lawyer was deficient for failing to "inform the appropriate authority" of the trial judge's "violation of applicable rules of judicial conduct" and notes that an accused has the right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975). *See* Dkt. No. 3 at 11. These claims – none of which were raised before the state habeas court – are entirely conclusory and unsupported by explanation or factual support. Petitioner does not specify the discovery that allegedly was withheld or how any such alleged conduct worked to his detriment, does not explain how the judge committed misconduct, and does not explain how – or even if – his right to self-representation was denied. These failures are fatal to his habeas claims. *See Pineda*, 988 F.2d at 23 (petitioner's "vague references" to constitutional violations are insufficient to raise them for habeas review).

Petitioner has failed to establish any constitutional violation that may be remedied under 28 U.S.C. § 2254.

### Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 19, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE